ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **FIDEICOMISO EL PUENTE GNR, representado por su fiduciaria GLORIBEL NORIEGA RIVERA**<br><br>Recurrido<br><br>v.<br><br>**ASOCIACIÓN DE RESIDENTES DE RIVER GARDEN, INC.**<br><br>Peticionario | KLCE202400164 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil Núm.:<br>**CA2021CV02612**<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2024.

Mediante *Petición de Certiorari* presentada el 8 de febrero de 2024, comparece la Asociación de Residentes de River Garden, Inc., (en adelante, Asociación o peticionaria) y solicita que revoquemos la *Resolución* que el Tribunal de Primera Instancia (en adelante TPI), Sala Superior de Carolina, emitió el 8 de enero de 2024. Por medio de dicho dictamen, el foro *a quo* declaro *No Ha Lugar* la moción de desestimación presentada por la Asociación.

Examinado con detenimiento el recurso y sus apéndices, nos encontramos en posición de disponer de la controversia que hoy ocupa nuestra atención.

**I.**

Según surge del expediente, la controversia tiene su origen allá para el 28 de septiembre de 2021, cuando el Fideicomiso El Puente GNR, (en adelante, Fideicomiso) representado por su fiduciaria, la señora Elsa Janet Rivera Sepúlveda (señora Rivera

Sepúlveda), presentó una demanda de sentencia declaratoria e *injunction* preliminar, nulidad de reglamento y violación al derecho propietario, en contra de la Asociación. En la demanda, y en lo pertinente, el Fideicomiso alegó que es dueño de una propiedad residencial ubicada en la Urbanización River Garden en el Municipio de Canóvanas, la cual adquirió por compra al Banco Popular de Puerto Rico, acompañada de una escritura sobre fidecomiso. Esgrimió que, en ocasiones, utilizaba la propiedad para ofrecer alojamiento a corto plazo. Argumentó que, el 27 de agosto de 2021, la Asociación aprobó un reglamento que le impuso nuevas restricciones a su propiedad, específicamente, prohibir e imposibilitar el arrendamiento a corto plazo de su residencia. Así, adujo que el referido reglamento era nulo por: (1) enmendar ilegalmente una escritura matriz; (2) limitar irrazonablemente el uso que los propietarios podían proporcionar a sus residencias y (3) intentar aplicar a su propiedad una disposición que no era vinculante.

Luego de varios trámites procesales, escuchada la prueba y evaluados los documentos, el TPI emitió una *Resolución* el 17 de mayo de 2022, denegando los recursos extraordinarios y ordenando la continuación de los procedimientos por la vía ordinaria.[1]

En consecuencia, el 29 de junio de 2022, la Asociación presentó su *Contestación a la Demanda y Reconvención.* En lo concerniente a la controversia que nos ocupa, la Asociación alegó, como defensa afirmativa, que el Fideicomiso carecía de validez y eficacia. Añadió que este no tenía personalidad jurídica propia, ni separada o independiente a su fiduciaria.[2]

---

[1] Apéndice del recurso, págs. 204-221.
[2] El 7 de julio de 2022, el Fideicomiso replicó a la Reconvención de la Asociación. *Íd.*, págs. 253-263.

El 15 de agosto de 2023, el Fideicomiso instó una *Moción Informativa y Solicitud de Enmienda de Epígrafe.* En síntesis, arguyó que, tras la renuncia de la señora Rivera Sepúlveda a su puesto de fiduciaria, la Señora Gloribel Noriega Rivera (señora Noriega Rivera) ocuparía dicha posición. En esa dirección, informó que, el 15 de junio de 2023, se otorgó una Enmienda de Escritura de Fideicomiso, en la cual se estableció el cambio de fiduciaria y enmienda al fideicomiso original. En la mencionada Escritura se estableció que la señora Noriega Rivera se nombraría así misma como fiduciaria de conformidad con el Artículo 14 de la Ley de Fideicomiso, Ley Núm. 219 de 2012. La Asociación se opuso a lo anterior, más sin embargo, el 10 de septiembre de 2023, el TPI emitió una *Resolución*, en la cual permitió la enmienda del epígrafe y determinó que el Fideicomiso estaría representado por la señora Noriega Rivera.

Así las cosas, el 30 de octubre de 2023, la Asociación presentó una *Moción de Desestimación.* Entre otras cosas, alegó no procedía reconocerle personalidad jurídica al Fideicomiso; que el nombramiento como fiduciaria de la señora Noriega Rivera era ineficaz y que tampoco procedía la sustitución de parte. El razonamiento pautado por la Asociación para solicitar la desestimación se basó en que el fideicomiso objeto del presente litigio se originó bajo las disposiciones del Código Penal de 1930. Particularizó que el acto de enmendar la escritura de fideicomiso para designar a la señora Noriega Rivera como nueva fiduciaria carecía de eficacia legal, toda vez que, por virtud de la propia escritura, ello estaba prohibido. Específicamente, levantó lo recogido en la Sección 14 de la escritura constitutiva del fideicomiso, la cual expresamente prohibía que la fideicomitente podía designarse como fiduciaria. Añadió que, en la sección de enmiendas de la aludida escritura, se estableció que las únicas personas autorizadas a realizar cualquier enmienda serían los hijos de la fideicomitente y la

fiduciaria designada en la escritura, la señora Rivera Sepúlveda. Además, la Asociación esbozó que no procedía reconocerle capacidad jurídica plena al fideicomiso, por este haberse constituido previo a la Ley Núm. 219-2012. En específico, arguyó que el Fideicomiso no podía reclamar los beneficios de una nueva ley para algunos propósitos y para otros no. En suma, adujo que procedía la desestimación de la demanda.

El 1 de noviembre de 2023, el Fideicomiso instó una *Oposición a Moción de Desestimación.* En su escrito, argumentó que la controversia sobre el Fideicomiso fue previamente adjudicada por el TPI y que el Fideicomiso sí ostentaba personalidad jurídica.

En consecuencia, el 13 de noviembre de 2023, el TPI emitió la *Resolución* recurrida. En esta determinó que el Fideicomiso tenía personalidad jurídica propia y que la sustitución de fiduciario tuvo el efecto de concederle autoridad a la señora Rivera Noriega para representar al Fideicomiso. Por ende, declaró *No Ha Lugar* la solicitud de desestimación y expresó lo siguiente:

> El Fideicomiso El Puente GNR, es un fideicomiso con personalidad jurídica propia con capacidad para demandar y ser demandada. La solicitud de sustituir a su la fiduciaria Elsa Janet Rivera Sepúlveda por Gloribel Noriega, no altera dicha la naturaleza del demandante, esto es que sigue siendo un fideicomiso con personalidad jurídica propia con capacidad para demandar y ser demandada.

> Por otro lado, es conocido que el fiduciario es una persona que administra el dinero o los bienes de otras personas, en este caso, los bienes del Fideicomiso El Puente GNR. El 15 de agosto del 2023, el demandante Fideicomiso El Puente GNR, presentó una moción informativa con sus respectivos anejos, acreditando y justificando sustituir a su la fiduciaria Elsa Janet Rivera Sepúlveda por Gloribel Noriega. Dicha sustitución de fiduciario tuvo el efecto *de facto* y *de jure*, de conceder a la Sra. Gloribel Noriega la autoridad para representar al demandante. Por lo tanto, la Sra. Gloribel Noriega está autorizada a representar al demandante Fideicomiso El Puente GNR. Después de todo, el nombre no hace la cosa.

En desacuerdo, el 29 de noviembre de 2023, la Asociación instó una *Moción de Reconsideración,* en la cual reiteró sus

argumentos previos. En consecuencia, el 8 de enero de 2024, el TPI emitió una *Resolución,* declarando *No Ha Lugar* la reconsideración.

No conforme con la decisión del foro primario, la Asociación comparece ante nosotros mediante el recurso que nos ocupa y alega que el TPI cometió los siguientes errores:

> Erró el Tribunal de Primera Instancia al determinar que el Fideicomiso El Puente GNR tiene personalidad jurídica propia con la capacidad de demandar y ser demandada.

> Erró el Tribunal de Primera Instancia al determinar en su Resolución del 13 de noviembre de 2023 que la Sra. Gloribel Noriega tiene autoridad para presentar como Fiduciaria al Fideicomiso El Puente GNR, cuando existe una prohibición expresa en la escritura en la cual se instituyó el Fideicomiso, a los efectos de que la Sra. Gloribel Noriega Rivera no puede ser designada por si como fiduciaria del Fideicomiso El Puente GNR, así como tampoco tiene facultad para enmendar dicha escritura.

> Erró el Tribunal de Primera Instancia al reconocerle legitimación activa a la parte recurrida y determinar en su Resolución del 13 de noviembre de 2023, que la solicitud que presentó el Fideicomiso el Puente GNR el 15 de agosto de 2023, mediante Moción Informativa, la cual fue aprobada por el TPI, tuvo el efecto de una sustitución de parte, sin que se hubiese cumplido con los requisitos establecidos en la Regla 22 de Procedimiento Civil de P.R.

El 15 de febrero de 2024, emitimos una *Resolución* otorgándole al Fideicomiso un término de 20 días para expresarse. Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

**II.**

**A.**

El recurso *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza*

*Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001).[3]

Así, para podamos ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio.[4] No hay duda de que los criterios de la Regla 40 de nuestro Reglamento nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

**B.**

Es principio cardinal en el derecho puertorriqueño, la irretroactividad de las leyes. Dicho principio está consagrado en el Código Civil de Puerto Rico, el cual expresa en su Artículo 9, 31 LPRA sec. 5323, lo siguiente: "La ley no tiene efecto retroactivo, excepto cuando se dispone expresamente lo contrario. El efecto retroactivo de una ley, no puede perjudicar los derechos adquiridos al amparo de una ley anterior."[5]

La Ley Núm. 219 del 31 de agosto de 2012, conocida como *Ley de Fideicomiso,* 32 LPRA sec. 3351, derogó los artículos 834 al 874 del Código Civil de 1930, 32 LPRA secs. 2541-2181. El

---

[3] En lo pertinente, La regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021).

[4] La referida Regla dispone lo siguiente:
  (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
  (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
  (C) Si ha mediado perjuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
  (D) Si el asunto planteado exige consideración más detenida a la luz de los asuntos originales, los cuales deberán ser elevados o de alegatos más elaborados.
  (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
  (F) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
    4 LPRA Ap. XXII-B, R. 40.

[5] Al caso de autos le aplican las disposiciones del antiguo Código Civil.

fideicomiso puertorriqueño es una institución con características particulares. *TOLIC v. Febles Gordián*, 170 DPR 804, 811 (2007); *Dávila v. Agrait*, 116 DPR 549, 554 (1985). Esta figura incorpora los principios del "*trust*" anglosajón e intenta armonizarlos con la tradición civilista del ordenamiento que rige. *Íd.* En otras palabras, es una "figura híbrida", por lo que es difícil precisar y armonizar sus contornos civilistas y anglosajones. C. T. Lugo Irizarry, *El fideicomiso en Puerto Rico: un híbrido jurídico ante el futuro*, First Book Publishing of PR, 1996, pág. 15.

En esa misma línea, en lo que respecta a la figura del fideicomiso, el artículo 834 del Código Civil derogado, 31 LPRA sec. 2541, expone:

> El fideicomiso **es un mandato** irrevocable a virtud del cual se transmiten determinados bienes a una persona, llamada fiduciario, para que disponga de ellos conforme lo ordene el que los trasmite, llamada fideicomitente, a beneficio de este mismo o de un tercero llamado fideicomisario. Énfasis nuestro.

Ahora bien, un "[f]ideicomiso puede establecerse para cualquier fin que no contravenga con la ley o la moral pública." Art. 840, 31 LPRA sec. 2547. De modo que, el fideicomitente puede crear el fideicomiso para cualquier fin y bajo cualquier término o condición que no infrinja la ley o la moral pública o que no se prohíba específicamente por la ley. Art. 855, 31 LPRA se. 2562.

Por otra parte, en cuanto a la capacidad jurídica de un fideicomiso, el Art. 27 del Código Civil derogado, 31 LPRA sec. 101, dispone que;

> "Son personas jurídicas:
>
> 1. Las corporaciones y asociaciones de interés público, con personalidad jurídica reconocida en ley. [...]
> 2. Las corporaciones, compañías o asociaciones de interés particular, sean civiles, mercantiles o industriales, **a las que la ley conceda personalidad jurídica.**" (Énfasis nuestro).

A tenor con lo anterior, podemos concluir que las personas jurídicas son aquellas corporaciones, asociaciones o compañías, con personalidad jurídica adquirida por concepto de ley. Como puede verse, los fideicomisos no son personas jurídicas bajo el Código Civil derogado, pues no se les concedió personalidad jurídica propia. Después de todo, la propia ley los describe como mandatos irrevocables; y los mandatos, según el artículo 1600 del Código Civil derogado, 31 LPRA sec. 4421, son *contratos* mediante el cual una persona "se obliga a prestar algún servicio o hacer alguna cosa, por cuenta o en encargo de otra".

Cabe señalar que, según la Regla 15 de las de Procedimiento Civil, 32 LPRA Ap. V, R.15, para poder demandar y ser demandado hay que ser persona, natural o jurídica. En ese sentido, la capacidad de una parte para efectuar actos procesales como parte litigante y comparecer como demandante o demandado, se conoce como "legitimación en causa". *Col. Ópticos de P.R. v. Vani Visual Center*, 124 DPR 559, 563 (1989).

En armonía con lo anterior, "[a]lgunos autores señalan que el fideicomiso se presenta como un acto unilateral cuando el fideicomitente establece su voluntad en un acto *inter vivos*, de modo que su **declaración es obligatoria para él y no puede revocarla si no se reserva expresamente esa facultad**, ni puede modificarla sin el consentimiento del fideicomisario". Lugo Irizarry*, op. cit.* pág. 28. *(*Énfasis nuestro).

En términos generales, aunque el Código Civil derogado reconoció separadamente las figuras del fideicomitente, fiduciario y fideicomisario, pueden surgir confusiones entre estos roles. Ello, porque dicha flexibilidad proviene del *trust* estadounidense, que ha reconocido que:

> […]las modalidades o variantes de que el fideicomitente pueda constituir el fideicomiso en favor de sí mismo; que un fiduciario pueda ser también beneficiario; o de

que el fideicomitente se transforme en fiduciario, no alteran ni la esencia ni la existencia de las tres figuras que entran en el *trust*. Las tres figuras están siempre presentes en la operación. Lo que pasa es que consumada ésta, una de ellas puede desaparecer o dos de ellas pueden concurrir en una misma persona". *Dávila v. Agrait*, supra, págs. 568-569.

Debe añadirse que la figura de fideicomiso bajo el Código Civil derogado se asemeja a una forma de contrato. En el ámbito de los contratos, es doctrina fundamental que éstos deben ser interpretados de tal modo que prevalezca la intención de las partes contratantes. En vista de ello, las cláusulas del contrato deben leerse de forma integrada, resolviendo cualquier ambigüedad de modo que todas sus partes surtan efecto. Estas normas, emanaban de nuestro Código Civil derogado, 31 LPRA secs. 3471 a 3479. Por lo cual, prevalecen como regla general sobre las tendencias interpretativas que los tribunales han de dar a uno u otro tipo de contrato. *González v. Sucn. Cruz*, 163 DPR 449, 457-458 (2004); *Caguas Plumbing v. Continental Const., Corp.*, 155 DPR 744, 753 (2001).

**III.**

En la presente causa, la peticionaria esencialmente arguye que el Fideicomiso, creado bajo las disposiciones del derogado Código Civil, no es una persona jurídica, por lo que carece de potestad para demandar y ser demandado. Lo anterior, toda vez que dicho tipo de fideicomiso es un mandato legal constituido mediante documento público para la administración y conservación de bienes.

Como se mencionó, el fideicomitente tiene la facultad de crear un fideicomiso para cualquier fin o propósito, siempre que no sea contrario a la ley. El Fideicomiso el Puente GNR, fue creado el 27 de abril de 2009, mediante la Escritura Núm. 10 ante el Notario Jaime Rodríguez Cora. En esta Escritura Núm. 10 comparecieron, de primera parte, la señora Noriega Rivera, como fideicomitente y como segunda parte, la señora Rivera Sepúlveda como fiduciaria.

La controversia principal surge cuando el 15 de julio de 2023, en virtud de la Escritura Núm. 29 sobre Enmienda de Escritura de Fideicomiso, y conforme la Ley Núm. 219-2012 que reconoció al fideicomiso como una entidad jurídica independiente con personalidad jurídica plena, compareció la señora Noriega Rivera ante el Notario Joel Andrew Cosme Morales. En esa ocasión, la señora Noriega Rivera, actual fideicomitente del Fideicomiso El Puente GNR, le realizó una enmienda al Fideicomiso y procedió a designarse a sí misma como fiduciaria. Esto, a pesar de existir una prohibición expresa en la Escritura de Fideicomiso Núm. 10, sobre su designación como fiduciaria.

En lo pertinente, la Cláusula tercera de la Enmienda de Escritura de Fideicomiso establece lo siguiente:

> Por medio de este acto la Sra. Gloribel Noriega Rivera manifiesta que ella y los beneficiarios fueron notificados de la renuncia de Elsa Janet Rivera Sepúlveda como fiduciaria. **Ante tal vacante, la Sra. Gloribel Noriega Rivera se nombra a sí misma como fiduciaria de conformidad con el Articulo diecisiete (17) de la "Ley de Fideicomisos"**, Ley Número doscientos diecinueve de dos mil doce (219-2012) que indica que "[u]na persona natural tiene capacidad para ser fiduciario en la misma medida en que tiene capacidad para administrar los bienes fideicomitidos para su propio beneficio. Una persona jurídica puede ser fiduciaria en la medida en que, en virtud de ley, tiene capacidad y autoridad para administrar los bienes fideicomitidos para el particular fideicomiso. **El fideicomitente puede ser fiduciario.** El fideicomisario puede ser fiduciario, siempre que no sea el único fideicomisario. Si el fideicomiso tiene varios fideicomisarios todos pueden ser fiduciarios. Énfasis nuestro.

En cuanto a la facultad que tiene el fideicomitente para nombrar, destituir o sustituir al fiduciario, la propia Escritura Núm. 10 establece los límites del Poder de Remover al Fiduciario. En lo concerniente, dispone lo siguiente:

> No obstante, las anteriores designaciones, la Fideicomitente se reserva el derecho de remover al Fiduciario nombrado o a cualquier Fiduciario Sucesor y designar un Fiduciario Sucesor distinto a los aquí designados, con o sin causa, **pero no a designarse a sí misma como Fiduciario.** (Énfasis nuestro).

De otra parte, respecto a la revocación o enmiendas al Fideicomiso, la Escritura Núm. 10, en la parte de Enmiendas, se reconoce lo siguiente:

> La Fideicomitente reserva para sus hijos y el fiduciario el derecho de enmendar el fideicomiso aquí constituido a los fines de aclarar y/o ampliar disposiciones que pudiesen resultar conflictivas y/o confusas en su aplicación, en la forma, alcance y medida que entienda conveniente, hasta donde sea permitido por ley y/o las determinaciones judiciales aplicables, **más no a revocarlo por ser este irrevocable.** (Énfasis nuestro).

Según lo expuesto, la Ley Núm. 219-2012 no dispone expresamente la aplicación retroactiva a fideicomisos constituidos con anterioridad a su aprobación. Por lo cual, para evaluar la constitución y validez del fideicomiso, debemos analizar las disposiciones del Código Civil derogado.

Para que un fideicomiso constituido previo a la Ley Núm. 219-2012, pueda presentar una demanda o ser demandado, tiene que hacerlo a través de su representante, a quien la ley le otorga este derecho. Ese representante sería el fiduciario. Ni el Código Civil ni la jurisprudencia ha concebido que un fideicomiso goce de personalidad jurídica propia, pues como pudo notarse, era catalogado como un mandato. No obstante, ello no deja al Fideicomiso desprovisto de protección jurídica, toda vez que la representación de los intereses del Fideicomiso recae precisamente en el fiduciario. Después de todo, es quien ostenta el título legal para la administración de dichos bienes.

En conclusión, erró el TPI al determinar que el Fideicomiso El Puente GNR, tal y como fue constituido, posee capacidad jurídica propia para demandar y ser demandado. Esto debe hacerlo por medio de su fiduciario. El primer error se cometió.

En lo pertinente al segundo señalamiento de error, la peticionaria aduce que el TPI erró al determinar que la señora Noriega Rivera tiene autoridad para ser la fiduciaria del Fideicomiso.

Sobre todo, cuando existe una prohibición expresa para que no pueda nombrarse a sí misma como fiduciaria. Le asiste la razón.

Una lectura integrada de las cláusulas del fideicomiso antes citadas revela que la señora Noriega Rivera compareció como fideicomitente del Fideicomiso El Puente GNR. A su vez, estableció una cláusula que prohíbe clara y expresamente que pueda nombrarse a sí misma como fiduciaria del Fideicomiso. Sin embargo, por medio de una enmienda posterior a la aprobación de la Ley Núm. 219-2012, la señora Noriega Rivera procedió a nombrarse fiduciaria. Según discutido, la mencionada Ley no aplica a fideicomisos constituidos con anterioridad a su aprobación. En el presente caso, la fideicomitente Noriega Rivera fue quien se limitó a sí misma la facultad de ser fiduciaria. De hecho, la fideicomitente manifestó su voluntad e intención en la Escritura Núm. 10, de modo que su declaración es obligatoria para ella.

A base de lo anterior, concluimos que la señora Noriega Rivera no tiene autoridad para nombrarse a sí misma como fiduciaria, pues la Escritura Núm. 10 lo impide explícitamente. Determinar lo contrario atentaría contra la esencia del fideicomiso, pues se estaría permitiendo un acto que fue expresamente prohibido. En conclusión, erró el TPI al determinar que la señora Noriega Rivera puede ser fiduciaria del Fideicomiso El Puente GNR.

Finalmente, respecto al tercer señalamiento de error, concluimos que no es necesario su análisis o discusión. Al resolver que el Fideicomiso no ostenta personalidad jurídica propia y que la señora Noriega Rivera no tiene autoridad para ser fiduciaria, el Fideicomiso no tiene un fiduciario(a) que pueda representar al Fideicomiso en el pleito. Por lo cual, hasta que no se nombre un nuevo fiduciario(a) para representar al Fideicomiso, el tribunal se encuentra impedido de continuar con el pleito.

## IV.

Por las consideraciones que anteceden, expedimos el auto de *certiorari*, revocamos la *Resolución* recurrida y desestimamos la demanda de referencia, sin perjuicio.[6]

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Véase, Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2 (5). Esta expone:

Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:

[...]

(5) dejar de exponer una reclamación que justifique la concesión de un remedio;

[...]